
01/15/2008

IN THE UNITED STATES BANKRTUPCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CLAUDIA PATRICIA GIL, | § | Case No. 05-47502 |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| CLAUDIA PATRICIA GIL, | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 06-4079 |
| | § | |
| v. | § | |
| | § | |
| EDUCATIONAL CREDIT | § | |
| MANAGEMENT CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**A.  NATURE OF THE DISPUTE**

Claudia Patricia Gil ("Plaintiff") initiated this adversary proceeding by filing a complaint seeking to obtain a hardship discharge of her student loans under 11 U.S.C. §523(a)(8).  In the underlying Chapter 7 bankruptcy, Plaintiff received a discharge of all her debts except for the indebtedness which is the subject of this adversary proceeding.  Plaintiff's outstanding obligation to Educational Credit Management Corporation ("Defendant" or "ECMC") was approximately $118,427.76 at the time of trial.

**B.  JURISDICTION**

A proceeding seeking a determination of the dischargeability of a debt raises a core matter over which this Court has jurisdiction to enter a final order.  28 U.S.C. §§ 157(b)(2)(I) and 1334.

## C.  FINDINGS OF FACT

1.  Plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 14, 2005.  Plaintiff received a general discharge of her debts on March 15, 2006.

2.  Plaintiff was born in Columbia, South America, on May 11, 1964.  Plaintiff was 43 years old at the time of trial.  She is the mother of one child, a son, who was born on March 17, 2001.  The child's father, who is also from Columbia, does not provide any support for the child, and Plaintiff has been unable to locate him.

3.  Plaintiff attended Queens College, City University of New York, from January 1990 through June 1993, where she majored in psychology and minored in Spanish.  She obtained a Bachelor of Arts degree in June 1993.  Plaintiff attended New York University from May 1999 through May 2002.  She received a Master of Social Work degree in May 2002.

4.  Plaintiff owes student loans from her enrollment and the obtaining of her Master of Social Work degree from New York University.  Plaintiff's student loan debt was made, insured or guaranteed by a governmental unit, or made under a program funded in whole or in part by a governmental unit or nonprofit institution, or are for an obligation to repay funds used or received as an educational benefit, scholarship or stipend, as described in §523(a)(8) of the Bankruptcy Code.

5.  On or about July 2, 2003, Plaintiff executed a Promissory Note representing a Federal Consolidated Student Loan in the amount of $83,486.82.  Plaintiff has made no payments on the student loan debt owed under the consolidation Promissory Note.

6. After Plaintiff filed for bankruptcy, ECMC was assigned the student loans which are the subject of this litigation. ECMC was substituted in place of the originally named Defendant, New York Higher Education Services, pursuant to an order entered on April 3, 2006.

7. The balance of Plaintiff's consolidated student loan debt totaled $118,427.76, including unpaid interest, at the time of trial. Interest on the debt continues to accrue at the rate of $8.59 per day.

8. Plaintiff moved to Texas in early 2005. She filed for bankruptcy in October 2005, approximately three years after obtaining her Master of Social Work degree.

9. Since November 17, 2005, Plaintiff has been employed by Dallas County as a protective order social worker. Her salary at the time of trial was approximately $36,420.80. She also had a part-time job supervising visitations for FLP Family Services, earning approximately $25.00 per hour.

10. Since filing for bankruptcy and receiving her discharge, Plaintiff has made monthly payments of $100 each to two unsecured creditors whose claims arose prior to bankruptcy. Plaintiff testified that she borrowed money from a bank, HSBC, while she was in school and that a friend co-signed the loan. Plaintiff testified that she has continued to make payments to HSBC because she feels morally obligated to do so. Plaintiff likewise testified that she has continued to make payments in the amount of $100 a month to another unidentified, unsecured creditor who made a "personal loan" to her because she feels morally obligated to do so.

11. According to her tax returns, Plaintiff received a refund in March 2004 in the amount of $3,693 in connection with her 2003 taxes. Plaintiff received a refund in April 2005 in the

3

amount of $1,262 in connection with her 2004 taxes. Additionally, Plaintiff received a refund in the amount of $1,933 on or about March 3, 2006 in connection with her 2005 taxes.

12. At the time of trial, Plaintiff was living in an apartment with her son and her 75-year-old mother. Plaintiff did not own a car. Plaintiff testified that her brother sometimes drove her to work, and she sometimes borrowed cars from friends and family members or took public transportation to work. Plaintiff testified that she was spending approximately $200 - $250 for gas and parking each month.

13. In 2006, Plaintiff's gross income was $37,608, of which $31,929 is attributable to her employment by Dallas County. Plaintiff earned an additional $5,679 in net profit from her other work as a social services provider. Her adjusted gross income for 2006 was $37,207.

14. Plaintiff testified that she has applied for but been unable to obtain a higher-paying job, in part due to the fact that she does not have a car.

15. Plaintiff regularly expends significant funds for purchases at Ann Taylor, Nordstrom's, Foley's, and other retail establishments. Plaintiff asserted in her testimony that she is currently spending $200 a month in clothing due to the needs of her mother and her son.

16. Plaintiff has made no payments on her student loan debt since it was consolidated. Plaintiff has failed to keep her lender apprised of her current address. Plaintiff testified that she has used the name "Claudia Castillo" for safety reasons – according to Plaintiff, she was being stalked by an ex-boyfriend for some period of time.

17. At the trial on July 30, 2007, Plaintiff presented some evidence that, if forced to repay the loan, she would be unable to maintain a minimal standard of living for a significant portion of the repayment period. However, Plaintiff did not present evidence of any additional

circumstances indicating that this state of affairs is likely to persist. Moreover, with respect to Plaintiff's good faith, Plaintiff did not present evidence of her pre-bankruptcy efforts, if any, to minimize her expenses or to negotiate with her lender. Among other factors considered in determining Plaintiff's good faith, the Court notes that Plaintiff has not applied to the William D. Ford Direct Loan Program, including the consolidation options and repayment plans and Income Contingent Repayment Program, offered by the U.S. Department of Education under such Direct Loan Program.

### D. CONCLUSIONS OF LAW

As the Court discussed in its oral ruling at the conclusion of trial, *United States Dept. of Educ. v. Gerhardt (In re Gerhardt)*, 348 F.3d 89 (5th Cir. 2003) provides the law controlling this case. In *Gerhardt*, the Fifth Circuit adopted the three prong *Brunner* test, which requires a plaintiff seeking to discharge student loans to prove that: (1) based on current income and expenses, the plaintiff cannot maintain a "minimal" standard of living for herself and her dependents if forced to repay the loan; (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the student loans; and (3) the plaintiff has made a good faith effort to repay the loans. For the reasons stated on the record, the Court finds and concludes that Plaintiff has failed to sustain her burden of proof with respect to the requirement of a good faith effort to repay her student loans. A separate Judgment will be entered consistent with these Findings of Fact and Conclusions of Law.

Signed on 1/15/2008

*Brenda T. Rhoades* MD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE